UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-CR-212 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STEVEN SILULU, | |
| Defendant(s). | |

Presently before the court is defendant Steve Silulu's unopposed motion for a nunc pro tunc judgment that gives him credit for time served in pretrial custody. (ECF No. 49). The government did not respond, and the time to do so has passed.

I.  **BACKGROUND**

On August 14, 2019, this court issued a writ of habeas corpus ad prosequendum for Silulu to appear pursuant to a criminal complaint stemming from his unlawful possession of a firearm. (ECF No. 6). On August 21, 2019, Silulu was transferred from state custody at the Clark County Detention Center to make his initial appearance before Magistrate Judge Albregts and was remanded to federal custody. (ECF Nos. 6, 7). On July 23, 2021, this court sentenced Silulu to fifty-one (51) months in prison. (ECF Nos. 45, 47).

Silulu claims that the Bureau of Prisons ("BOP") erroneously concluded that he is not entitled to credit for the twelve (12) months he spent in state custody from his initial arrest in July 2019, to his when he was paroled from his state case in July 2020.[1] (ECF No. 49).

---

[1] Silulu was ordered detained in Nevada state court on burglary, forgery, and grand larceny charges on July 11, 2019. *See* https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?Ca seID=12933370.

**James C. Mahan**
**U.S. District Judge**

Silulu now moves this court to enter a sentence nunc pro tunc lowering his sentence by twelve (12) months. (*Id.*).

## II.  LEGAL STANDARD

Sentencing credit determinations are made by the attorney general, through the BOP, as an administrative matter. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621). 18 U.S.C. § 3585 provides the framework for sentencing calculations,[2] but "does not authorize a district court to compute the credit at sentencing." *Wilson*, 503 U.S. at 334.

"Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." *Id.* at 335 (internal citations omitted), *accord United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) ("[A defendant] must commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the [BOP's] denial (if any) of credit for time served . . . .").

"A court generally may not correct or modify a prison sentence once it has been imposed." *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)); *see also Dillon v. United States*, 560 U.S. 817, 825 (2010). To that end, this court's authority to amend a prior judgment nunc pro tunc is limited. This court can only

---

[2] When calculating a sentence, the BOP first establishes the commencement date, governed by 18 U.S.C. § 3585(a); and second, determines credit for time already spent in custody, governed by 18 U.S.C. § 3585(b). The commencement date is when "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Prior custody credit is provided for in Section 3585(b), which states:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

   (1) as a result of the offense for which the sentence was imposed; or

   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

**James C. Mahan**
**U.S. District Judge**

- 2 -

"make the record reflect what the district court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000). It cannot "alter the substance of that which actually transpired or to backdate events to serve some other purpose." *Id.*

### III. DISCUSSION

Disputes over custody credits are often preemptively resolved through plea negotiations, joint sentencing recommendations, and variances. Here, Silulu argues that the "spirit of negotiations" between him and the government were for him to receive the credit he seeks now, and that the parties confirmed that during his change of plea hearing. (ECF No. 49). However, while the government did not oppose Silulu seeking a downward variance for this pretrial credit, it did not agree to support the variance in its sentencing position, sentencing memorandum, or at the change of plea[3] and sentencing hearings. (*See* ECF Nos. 34, 41, 49-1).

That the government does not oppose Silulu's motion does not give this court authority to grant his request for relief. Considering the Supreme Court's clear ruling in *United States v. Wilson*, 503 U.S. 329, 335 (1992), this court does not have the authority to grant credit for time served until the sentence has commenced and all administrative remedies have been exhausted.

While Silulu's sentence has commenced, it is not clear from Silulu's motion that he has exhausted his administrative remedies or that the instant motion is the proper procedure for judicial review. *See generally United States v. Lowe*, No. 2:14-CR-0004-JAD-VCF, 2018 WL 5886539, at *1 (D. Nev. Nov. 9, 2018) (discussing administrative remedies and subsequent judicial review under 28 U.S.C. § 2241). Thus, this court does not have the authority to grant Silulu's request. *See United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

---

[3] While the government confirmed at the change of plea hearing that it would not object to Silulu seeking a downward variance, it did not indicate that it would specifically support that variance.

**James C. Mahan**
**U.S. District Judge**

Even if this court did have such authority, nunc pro tunc judgments "may be used only where necessary to correct a clear mistake and to prevent injustice." *Martin v. Henley*, 452 F.2d 295, 299 (9th Cir. 1971).  Here, there is no clear mistake to correct.  This court properly deferred to the BOP to calculate Silulu's credit, as is the BOP's statutory role.  Further, Silulu has not shown that his current sentence constitutes injustice because it is not clear that the BOP miscalculated Silulu's credit for time in state custody.

When a defendant is remanded to custody after the execution of a writ of habeas corpus ad prosequendum, he technically remains in primary state custody. *Schleining v. Thomas*, 642 F.3d 1242, 1243 n.1 (9th Cir. 2011) ("[D]espite his brief transfer to the BOP's custody pursuant to a writ of habeas corpus ad prosequendum, [defendant] was in 'state custody' for the 21-month period from his state arrest . . . to his sentencing in federal court . . . ."); *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.").

Because this court does not have the authority to grant Silulu's request and because it is not clear that the BOP has caused injustice by making a miscalculation, Silulu's motion is denied.

### IV.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Silulu's motion for sentence nunc pro tunc (ECF No. 49) be, and the same hereby is, DENIED.

DATED December 17, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**