UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-CR-212 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STEVEN SILULU, | |
| Defendant(s). | |

Presently before the court is petitioner Steven Silulu's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 52). The United States of America ("the government") filed a notice of non-opposition in response. (ECF No. 57).

**I.    Background**

On August 14, 2019, a grand jury returned an indictment charging petitioner with on count of being a felon in possession of a firearm. (ECF No. 1). At that time, he was in state custody on a factually related state charge, and this court issued a writ of *habeas corpus ad prosequendum* the same day. (ECF No. 5). Petitioner later pled guilty to the indictment at a hearing on March 5, 2021. (ECF Nos. 32; 34)

During that hearing, counsel for both parties indicated that the plea agreement was intended to credit petitioner for the time he spent in state custody from the issuance of the writ until his release from state custody twelve months later. (ECF No. 51). This intention was reiterated in petitioner's sentencing memorandum. (ECF No. 40).

On July 23, 2021, this court sentenced petitioner to 51 months in custody followed by three years of supervised release. (ECF No. 48). The Bureau of Prisons ("BOP") did not subsequently credit the twelve months of state custody toward petitioner's sentence. Petitioner

**James C. Mahan**
**U.S. District Judge**

1  filed an unopposed motion for sentence *nunc pro tunc* on November 22, 2021, which this court
2  denied, citing procedural concerns.  (ECF Nos. 48; 50).  Petitioner now moves to correct his
3  sentence pursuant to § 2555 based on a claim of ineffective assistance of counsel.  (ECF No. 52).

**II.     Legal Standard**

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a).  Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity.  *United States v. Frady*, 456 U.S. 152, 164 (1982).  Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence."  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).  Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default.  *Johnson*, 988 F.2d at 945; *see also Bousley v. United States*, 523 U.S. 614, 622 (1998).

Defendants who fail to raise an issue on direct appeal may later challenge the issue under § 2255 only if they demonstrate: (1) sufficient cause for the default; and (2) prejudice resulting from it.  *See Bousley*, 523 U.S. at 622.  The "cause and prejudice" exception revives only defaulted constitutional claims, not nonconstitutional sentencing errors.  *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

However, ineffective-assistance-of-counsel claims are an exception to procedural default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *see also Schlesinger*, 49 F.3d at

James C. Mahan
U.S. District Judge

509 ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255.").

### III.  Discussion

The purpose of the effective assistance guarantee is "to ensure that criminal petitioners receive a fair trial." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his counsel's performance was deficient and that he was prejudiced by that deficiency.  *Id.* at 687.

To establish deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.  But "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight . . . ." *Id.* at 689.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

"Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.  "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694.

Petitioner argues that trial counsel was ineffective by failing to properly negotiate the parties' intended twelve-month credit as a downward departure.  (ECF No. 52).  Petitioner was in primary state custody for twelve months prior to his sentencing in the instant case. *See* (ECF No. 52-1).  BOP will not give credit to detainees who are held in primary state custody. *See* 18 U.S.C. § 3585(b); *Schleining v. Thomas*, 642 F.3d 1242, 1243 (9th Cir. 2011).  However, the district court can grant the same relief by structuring the "credit" as a downward departure or variance in the sentence. *See* USSG § 5G1.3; *Ruggiano v. Reish*, 307 F.3d 121, 124 (3d Cir. 2002).

James C. Mahan
U.S. District Judge

- 3 -

Here, counsel's representation fell below the standard of reasonableness. In plea negotiations, counsel negotiated for terms in the agreement that were inherently contradictory and prevented petitioner from receiving credit for the twelve months he had already served. The plea negotiations simultaneously contemplated the twelve-month credit while prohibiting counsel from arguing from any downward variance—the only mechanism by which credit for the twelve months served could be guaranteed. *See* (ECF No. 34); *Ruggiano*, 307 F.3d at 124. Negotiating these inherently contradictory terms when clear Ninth Circuit precedent indicates that BOP is under no obligation to credit time in state custody falls below the expected standard of representation. *See Schleining*, 642 F.3d at 1243.

While there is a strong presumption in favor of the reasonableness of counsel's representation, it is not "sound trial strategy" to negotiate away that only mechanism by which a criminal defendant can be guaranteed the credit he is entitled to. *See Strickland*, 466 U.S. at 689; 18 U.S.C. §3584; USSG § 5G1.3. This is particularly true where the government itself has indicated it intended to acknowledge the time spent in state custody. (ECF No. 57). Counsel failed to request the credit that comprised the heart of the plea agreement in a legally cognizable way. Thus, petitioner thus satisfies the first prong of the *Strickland* test.

Second, petitioner must also prove that there was a reasonable probability that but for counsel's ineffectiveness, there would have been a different result. *Strickland*, 466 U.S. at 687. Here, the government concedes in its non-opposition that it would not have objected to the downward variance to a sentence of thirty-nine months. (ECF No. 57). On that admission alone, petitioner satisfies the second prong of *Strickland*.

It was the parties' intention to grant petitioner credit for his twelve months in custody. (ECF Nos. 52; 57). But for defense counsel's ineffective negotiation, petitioner would have received the intended benefit of a sentence credit. This court therefore GRANTS his motion. Pursuant to USSG § 5G1.3(c), this court modifies only defendant's custodial sentence to 39 months in custody by way of a downward variance. While this sentence is below the guideline range, the court finds that the variance is necessary to achieve the goals of sentencing. All other aspects of defendant's sentence shall remain unchanged.

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (ECF No. 52) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's custodial sentence be modified from 51 months to 39 months by way of a downward variance.

The clerk is directed to enter separate civil judgment granting petitioner's § 2255 motion in the matter of *Silulu v. United States*, case number 2:22-cv-01193-JCM.

DATED October 18, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**